JOHNSON, C.J.,
concurs in part and dissents in part.
hi agree 'with the majority’s finding that Judge Best committed misconduct, however, I find the discipline imposed by the majority too lenient.
I am deeply troubled by the favoritism shown to Mr. Garcia by Judge Best. Not only did Judge Best engage in misconduct by using the power of his office to terminate a criminal defendant’s probation without giving the prosecuting agency notice or an opportunity to participate in clear violation of La. C. Cr. P. art. 822,[1] I find his actions in doing so were motivated by his personal- feelings towards Mr. Garcia and his family. In my view, Judge Best’s actions demonstrate actual bias | towards Mr. Garcia, such that recusal was likely warranted.
Although there is no pattern of misconduct by Judge Best, I find his misconduct here particularly egregious. Judge Best’s preferential treatment of Mr. Garcia is demonstrated in the record. In a sworn statement before the Judiciary Commission, Mr. Brouillette, Mr. Garcia’s probation officer, stated Judge Best expressed an interest in Mr. Garcia’s case beyond what he had done in other cases. The record also reflects Judge Best improperly took on the role- of defense counsel by gathering evidence that would justify granting the motion to terminate probation. When Mr. Brouillette advised Judge Best the victim’s father opposed early termination, Judge Best instructed him to find the victim to determine if she was opposed. Just Best also conducted ex parte conversations with the Lavonia Chief of Police and the District Attorney regarding Mr. Garcia. Additionally, the record demonstrates that Judge Best was in contact with Mr. Garcia and his family out of court twice weekly at choir practice and church, while at the same time serving as the presiding judge over Mr. Garcia’s case. Judge Best referred Mr. Garcia to his close friend, Mr. Marquette, to represent him in the revocation proceeding.
Judge Best’s personal feelings towards Mr. Garcia were evident during the hearing to revoke probation, wherein Judge Best stated: ■
My observation is that I just don’t know anybody that — nicer than you and your wife. Your kids come to church. If I don’t let you — if I don’t modify it at *470 least to some extent, that I would consider my job to be, in this regards, a farce. There’s nobody else — if I don’t modify .it under these circumstances, then I would never modify it for anybody, and although there’s a lot of sensitivity in these types of cases, it’s clear that the-the young lady’s — she is indifferent about it. Her father is indifferent about it. The Chief of Police, who had nothing bad to say about you;.... So, I’ll say no -more, an I applaud you for becoming a better person and I hereby, because of your conduct, I’m going to — considering the modification, I’m going to go a step further. I hereby terminate you, Anthony, Garcia, from all conditions of probation. You have met all of l s‘em. You are an asset to the community, to the church, to your family, and your friends.
In my view, all of the above actions and remarks by Judge Best prove actual bias towards Mr. Garcia.
The Judiciary Commission recommended Judge Best be suspended , without pay for thirty days, premised in part on the fact that this court had previously disciplined Judge Best in the form of public censures. The majority found this recommended sentence excessive because Judge Best’s actions in those cases were not analogous to the misconduct in the instant case. One of the factors this court considers when imposing discipline is whether there have been prior complaints about this judge. See In re Chaisson, 549 So.2d 259, 266 (La.1989), As acknowledged by the majority, this court has previously censured Judge Best for misconduct in several matters, and the Judiciary Commission has issued several admonishments and cautions to Judge Best. I find it irrelevant that these other matters were not factually similar to the misconduct in the instant case.
The Commission’s recommendation is supported by prior jurisprudence from this court. See In re Free, 14-1828 (La.12/9/14), 158 So.3d 771, 788-84, reh’g denied (La.2/6/15) (wherein this court suspended judge for thirty days for, among other things, engaging in improper ex parte communications with counsel regarding the merits of a request that the judge recuse himself) and In re Cresap, 06-1242 (La.10/17/06), 940 So.2d 624, 635-36 (wherein this court suspended a judge for thirty days for, among other things, engaging in prohibited ex parte communications by telephoning one of the .parties to discuss a contested issue in the case before him.) I would find, at a minimum, Judge Best should be suspended for a period of thirty days, as recommended by the Judiciary Commission.
GUIDRY, J., concurs in part and dissents in part for the reasons assigned by Chief Justice JOHNSON.

. La.C.Cr. P. art. 822 provides:
A.(1) Should the court on its own motion or on motion of the defendant consider setting aside a guilty verdict or a plea of guilty or, after the sentence is imposed, consider amending or modifying the sentence imposed, the district attorney shall be notified and the motion shall be tried contradictorily with the district attorney unless the district attorney waives such contradictory hearing.
(2) Such motions include but are not limited to motions for a new trial, motions in arrest of judgment, motions for amendment, modification, or reconsideration of sentence, and motions for modification of conditions of probation or termination of probation.
B. Additionally, if at any time after sentence is imposed, the defendant seeks the production of all or any portion of the district attorney's file in a criminal proceeding, the request for production shall be presented by written motion, which shall be tried contradictorily with the district attorney.
C. Each motion to set aside a guilty verdict or plea of guilty and each motion to amend or modify a sentence imposed shall be filed, considered, and decided in compliance with Code of Criminal Procedure Articles 881 and 881.1.